NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 3 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUAN VALDEZ,

        Petitioner-Appellant,

  v.

MICHAEL L. BENOV, Warden,

        Respondent-Appellee.

No.   13-16736

D.C. No. 1:11-cv-00883-JLT

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, Magistrate Judge, Presiding

Argued and Submitted October 3, 2017
Pasadena, California

Before:  MOTZ,[**] M. SMITH, and NGUYEN, Circuit Judges.

Petitioner-Appellant Juan Valdez, a federal prisoner at Taft Correctional

Institution, appeals a denial of his habeas petition, alleging that a disciplinary

process violated his procedural due process rights and federal regulations.  Valdez

acknowledges that the remedy he sought has been granted, but he argues that two

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Diana Gribbon Motz, United States Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

exceptions to the mootness doctrine apply: collateral consequences and voluntary cessation. Neither exception applies, and we therefore dismiss this case as moot.

I.

Valdez is an inmate at Taft Correctional Institution ("TCI"), a government-owned prison operated by Management Training Corporation ("MTC"), a private corporation. This case arose when Valdez helped another prisoner, Rajinder Johal ("Johal"), prepare some legal work. Afterwards, on March 25, 2009, Johal's wife deposited $250.00 into Valdez's prison commissary account. On May 5, 2010, K. Sy, an MTC employee, issued an Incident Report against Valdez for violating Prohibited Act Code 328, which prohibits "[g]iving money or anything of value to, or accepting money or anything of value from, another inmate or any other person without staff authorization." 28 C.F.R. § 541.3.

According to K. Sy's Incident Report, Valdez was interviewed on May 4, 2010, and stated that he "worked with Johal in the library and helped Johal prepare an appeal." Valdez also allegedly admitted that he gave his commissary account registration number to Johal. The Incident Report further states that Johal was interviewed and that he admitted that his wife deposited the $250.00 into Valdez's commissary account.

After a hearing before a Disciplinary Hearing Officer within the prison who worked for MTC, Valdez was sanctioned in the form of 13 days disallowance of

2

good time credits. "Good Conduct Time," also known as good time credits or "GTC," is awarded for good behavior and can help shorten an inmate's prison sentence. *See* 18 U.S.C. § 3624(b). Valdez filed two administrative appeals challenging his sanction. Both were denied. Valdez then filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on June 1, 2011. The magistrate judge denied the petition. This appeal timely followed.

While the appeal was pending, the Bureau of Prisons ("BOP") restored Valdez's 13 days of good time credits. Valdez's disciplinary record continues to show that he was found to have violated Prohibited Act Code 328.

## II.

"A case becomes moot when 'it no longer present[s] a case or controversy under Article III, § 2, of the Constitution.'" *Wilson v. Terhune*, 319 F.3d 477, 479 (9th Cir. 2003) (alteration in original) (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). "In order to satisfy the case-or-controversy requirement, the parties must have a personal stake in the outcome of the suit throughout 'all stages of federal judicial proceedings.'" *Id.* (quoting *United States v. Verdin*, 243 F.3d 1174, 1177 (9th Cir. 2001)). Valdez argues that two exceptions to the mootness doctrine apply: collateral consequences and voluntary cessation.

We first address the collateral consequences argument. Valdez argues that he continues to have a personal stake in this case because the Prohibited Act Code

328 violation remains on his record, and that carries collateral consequences because prison officials could rely on it to impose harsher punishment in the future. We presume that a wrongful criminal conviction has continuing collateral consequences, *Spencer v. Kemna*, 523 U.S. 1, 8 (1998), but that presumption does not extend to prison disciplinary proceedings, *Wilson*, 319 F.3d at 481. Accordingly, prisoners attempting to rely on the collateral consequences doctrine bear the burden of proving that such consequences exist. *See id.*

Valdez must show more than a possibility that the mark on his record would be used to his detriment. *See Spencer*, 523 U.S. at 14. Here, Valdez's claim of a future, enhanced disciplinary sanction is contingent upon Valdez violating another regulation, getting caught, and being subjected to a punishment. For that reason, the possibility of a future sanction is too speculative to support a claim of actual injury here. *See id.* at 15 (noting that the possibility of a future enhanced sentence is not sufficient as a basis for Article III's case or controversy requirement because it is "contingent upon respondents' violating the law, getting caught, and being convicted"); *Wilson*, 319 F.3d at 482.

We next address Valdez's argument that the voluntary cessation doctrine is applicable. This exception to mootness enables a federal court to retain jurisdiction over a case on the ground that the party asserting mootness voluntarily ceased its unlawful conduct and may continue the conduct once the action is

4

dismissed. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000). Voluntary cessation of challenged conduct moots a case if it is "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Id.* (quoting *United States v. Concentrated Phosphate Exp. Ass'n*, 393 U.S. 199, 203 (1968)). Valdez argues that TCI's voluntary cessation of the challenged conduct cannot moot this case because TCI is free to reengage in that conduct.

Here, a Disciplinary Hearing Officer reviewed Valdez's case and made a determination that his good time credits should be restored. The sanction that TCI allegedly wrongfully imposed has been undone, and cannot be reimposed for the same underlying offense. The voluntary cessation exception does not apply.

Accordingly, we dismiss the petition as moot.

**DISMISSED**.